**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JESUS DEJESUS,<br><br>Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>Respondents. | Civil Action No. 24-8753 (KMW)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Petitioner Jesus Dejesus's motion (ECF No. 8) seeking reconsideration of this Court's order and opinion (ECF Nos. 6-7) denying his habeas petition. The scope of a motion for reconsideration of a final judgment brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

In his motion for reconsideration, Petitioner argues that he did not receive a copy of the state's answer, which was filed four months before this Court issued its final decision, and thus did not have an opportunity to file a reply, which he contends amounts to a fundamental denial of due process because he did not have a chance to respond to procedural defenses raised against him. Petitioner's motion, however, does not present any arguments or defenses as to the merits of his claims which this Court overlooked, or any basis for finding that this Court's decisions as to the merits of his case was in any way faulty.

Habeas petitioners do "not have an absolute right to file a reply in a habeas" proceeding. *Gilreath v. Bartkowski*, 2015 WL 2365125, at *2 (D.N.J. May 15, 2015); *see also* Advisory Committee Notes, Rule 5 of the Rules Governing Section 2254 Cases (a petitioner "may file" a reply within the time set by the judge under Rule 5, a reply is "not required" where the merits of the issue are properly framed by the petition and answer). A habeas petitioner's reply is thus "not a required element of the habeas corpus process in federal courts."[1]  *Harris v. Wenerowicz*, No. 11-7750, 2014 WL 4056953, at *2 (E.D. Pa. Aug. 14, 2014). Given the exhaustion requirements applicable to habeas claims, and the full nature of the record before this Court at the time it issued its opinion denying Petitioner's habeas petition on the merits, the petition and answer in this matter fully framed the issues at hand in this matter, and permitted this Court to fully evaluate and reject

---

[1] To present his argument to the contrary, Petitioner relies on *Day v. McDonough*, 547 U.S. 198, 210-11 (2006). In *Day*, the Supreme Court held that, when a court *sua sponte* raises a procedural bar, such as timeliness, it must present the parties an opportunity to address that procedural bar before dismissing the case on its own initiative. The procedural posture of *Day* is thus entirely inapplicable here – this Court did not raise any procedural bar on its own initiative and only decided the case after the filing of the petition and answer and the expiration of time for filing a timely reply, and rejected Petitioner's habeas petition on the merits. Petitioner had an opportunity to address each of the issues this Court considered in his habeas petition, and he cannot now claim surprise when this Court finds those merits wanting. In any event, *Day* does not stand for the proposition that a reply is required by Due Process in a habeas proceeding, only that a court may not *sua sponte* raise a procedural basis for dismissal and thereafter dismiss without providing the parties an opportunity to address that issue. *Day* thus does not affect the outcome of this matter.

2

Petitioner's claim. Petitioner has not shown that he has any arguments to present which would change the outcome of any of his claims, nor did this Court reject his claims on the basis of any procedural defense that Petitioner never had a chance to address.

In any event, Respondents' answer in this matter was filed on October 24, 2024. Pursuant to this Court's briefing schedule, any reply Petitioner wished to file was to be filed within forty-five days of the filing of the answer, or by December 8, 2024. (*See* ECF No. 2.) This Court did not decide Petitioner's habeas petition until February 28, 2025, more than two months later. Petitioner thus had ample time in which to file a reply, or to request an extension of time within which to file a reply before this Court ruled on his habeas motion and failed to do so. Although Petitioner now claims he never received a copy of the answer, it is also clear that it was incumbent upon him, as the filing litigant in this matter, to keep abreast of filings in his case even in the event the respondent failed to serve him with a copy of papers. He could have at any time during the four months between the filing of the answer and this Court's response either viewed the docket sheet of his case, or called or written the court and discovered the need for an extension or a copy of the answer and failed to do so. He cannot therefore now complain that this Court decided his case when he failed to keep abreast of proceedings and failed to file a reply or otherwise write to the Court within the time set by the Court's scheduling order. Because a reply is not a required document in a habeas matter, because Petitioner has not shown that this Court in any way erred in rejecting his habeas claims on the merits, and because Petitioner has not shown why he could not have sooner discovered that the answer had been filed, Petitioner has failed to show any error or miscarriage of justice warranting the reconsideration of this Court's denial of his habeas petition. Petitioner's Rule 59(e) reconsideration motion is therefore denied.

**IT IS THEREFORE** on this __1st__ day of April, 2025,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; and it is further

**ORDERED** that Petitioner's motion for reconsideration (ECF No. 8) is **DENIED**; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Respondents electronically and upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge